No. 5909.

## GEORGE THORN vs. NEW ORLEANS LAND CO.

### Syllabus.

Questions of fact only are involved, and the record does not justify a reversal of the trial Court's conclusions.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 98,833. Hon. E. K. Skinner, Judge.

M. D. Dimitry, for plaintiff and appellee.

Charles Louque, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The reasons of the trial Court in support of its judgment in plaintiff's favor, are as follows:

"The plaintiff sues to be quieted in the possession of the property described in the petition, alleging himself to have been in undisturbed possession for a very long period.

"The defendant sets up a lease by Thorn from the company and prays in reconvention for rent of the premises.

"The plaintiff has shown very clearly that he has been in quiet possession of the property for a long period of time without any attempt, until recently, by a suit in the First City Court to oust him as a tenant of the land company.

"This was a suit by the land company as lessor and was nonsuited, hence this suit, wherein the land company, as defendant, sets up the same lease and prays for a money judgment, which would have the effect of establishing the relation of landlord and tenant.

"The land company has not shown affirmatively that Thorn signed any lease or paid rent under a lease to the company.

"The evidence tending to show such a lease is imperfect, unsatisfactory, and by no means conclusive; on the contrary, the evidence of plaintiff negatives such a proposition.

"The wife, whom it is alleged paid the rent or gave the notes for it, is not shown to have been authorized or instructed to do so, by her husband, and certainly, even, if her alleged actions were conclusively proven, had no legal right to bind her husband to a lease.

"The defense is in nowise convincing in the aggregate. Judgment for plaintiff, dismissing the reconventional demand and plaintiff's claim for damages."

Upon the whole the record here presented supports these conclusions.

There are but two vital issues of fact involved, namely, whether or not plaintiff signed a certain lease upon which defendant relies; and whether or not plaintiff's wife in her alleged execution of certain notes in her own name and in making certain payments did so with the knowledge and consent of her husband and as his agent.

Plaintiff, as a witness, denies the execution of the lease as well as the facts upon which the authority of the wife is founded. On the other hand defendant produces only one witness, its agent, who testifies as to the plaintiff's alleged signature to the lease and likewise only one witness, also its agent, who asserts that the husband granted authority to his wife to act as his agent in the premises.

Considering the fact that the defendant, an aged and ignorant negro, unable to read or write, had been in undisturbed, actual and physical possession of the prop-

erty for more than thirty years, without a lease, or the pretense of a lease; and that the record presents circumstances, unnecessary here to review, which far from corroborating tend to impeach the testimony of defendant's two witnesses aforesaid, we find that there is ample justification for the trial Court's conclusion that defendant has failed to sustain the burden of proving by a preponderance of evidence the defense upon which it rested.

The judgment is accordingly affirmed.

Judgment affirmed.

Opinion and decree, December 8, 1913.